OPINION
{¶ 1} Appellant, Carol E., appeals two decisions of the Butler County Court of Common Pleas, Juvenile Division, awarding visitation to appellee, Joseph M., after Carol was granted legal custody of Joseph's two sons. We affirm.
 {¶ 2} Joseph M. and his former wife, Francie E., are the parents of the two boys who are the subject of this action. J.M., the older sibling, was born on July 29, 1992. A.M., the younger sibling, was born on October 21, 1994. This matter commenced in February 1996 when the Butler County Child Services Board filed complaints alleging neglect, abuse, and dependency. The complaints were based upon reports of domestic violence and "deplorable" living conditions. In March 1996, both boys were adjudicated dependent. The boys were placed in the temporary custody of Carol E., their maternal grandmother, and Joseph was allowed visitation. Both parties moved for legal custody.
 {¶ 3} A hearing was held to make the custody determination. On June 17, 2005, the magistrate awarded Carol legal custody of the boys. In addition, the magistrate fashioned nearly identical visitation orders for J.M. and A.M. establishing Joseph's visitation schedule with the boys.
 {¶ 4} The parties timely filed their respective objections to the magistrate's decisions. A hearing was held to consider the objections. On October 31, 2005, the trial court modified the magistrate's visitation orders to increase Joseph's visitation time with the boys. Carol appealed. On appeal, the parties do not contest the trial court's legal custody determination. Rather, Carol's single assignment of error disputes the trial court's visitation orders.
 {¶ 5} Assignment of Error No. 1:
 {¶ 6} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT ORDERED BOTH CHILDREN TO HAVE VISITATION WITH THEIR FATHER."
 {¶ 7} Carol raises two issues in challenging the trial court's visitation orders. First, she argues that the court erred in awarding visitation with J.M. because the magistrate's June 17, 2005 decision left open issues regarding such visitation, thus necessitating an evidentiary hearing. Second, Carol alleges that the trial court lacked jurisdiction to award visitation with A.M. because neither party filed objections to the magistrate's decision on that issue.
 {¶ 8} As a preliminary matter, we note that an appellate court will not reverse a trial court's determination regarding visitation issues absent an abuse of discretion. In re L.P.,
Butler App. No. CA2005-04-089, 2006-Ohio-745, ¶ 6. An abuse of discretion implies that the court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. The trial court's discretion must be exercised in a manner which protects the best interest of the child. See Weaver v. Weaver
(Mar. 6, 2000), Warren App. No. CA99-02-022, at 4. In framing a visitation order consistent with the best interest of the child, the trial court must consider the factors listed in R.C.3109.051(D). Id.
 {¶ 9} The magistrate conducted separate in camera interviews with J.M. and A.M. to assess the boys' wishes regarding visitation with their father. Carol argues that the parties agreed to hold an evidentiary hearing if the children were not clear on their visitation preferences or if there were any unresolved issues. Due to the confidential nature of the proceedings, Carol admits to having no knowledge of the information or desires that J.M. and A.M. conveyed to the magistrate during these interviews. Carol thus requests that this court review the interview testimony to determine whether there remained open visitation issues requiring an evidentiary hearing.
 {¶ 10} Our review of the testimony from these interviews reveals that the trial court considered the wishes of both boys in adopting and modifying the visitation orders. Both boys were sufficiently clear with their visitation preferences during the in camera interviews with the magistrate, and the trial court's visitation orders aptly reflected the boys' desires. As such, the visitation orders complied with the best interests of the children. No evidentiary hearing was necessary. We conclude that the trial court was well within its discretion in adopting and modifying the magistrate's orders.
 {¶ 11} We also find that the trial court had jurisdiction to award visitation with A.M. The former Juv.R. 40(E)(3)(b), the rule controlling at the time the objections were filed in this case, required parties to be specific and to state their objections to a magistrate's decision with particularity. Contrary to Carol's assertions, Joseph's objections to the magistrate's decisions addressed the issue of visitation with both children. A pro se litigant, Joseph requested that he "may be given back the schedule B visitation" in reference to both boys. And, in fact, the trial court's orders for both boys specified that the court was awarding "Exhibit `B'" revised visitation to Joseph. We find that Joseph's objections to the magistrate's decisions sufficiently complied with the specificity requirements of the former Juv.R. 40(E)(3)(b).
Carol's first assignment of error is overruled.
Judgment affirmed.
Walsh, P.J., and Young, J., concur.